UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---:|
| CHARLES BAUGHMAN, | 01-CV-0888E(Sc) |
|              Plaintiff, | |
|     -vs- | MEMORANDUM |
| JO ANN B. BARNHART, | and |
|   Commissioner of Social Security, | |
|              Defendant. | ORDER[1] |

---

Plaintiff filed this action on December 7, 2001 seeking review of an administrative decision denying him Social Security disability benefits. Plaintiff had filed an application for disability insurance benefits and supplemental security income on September 7, 1999, which had been denied initially and on reconsideration. Plaintiff then appeared before an Administrative Law Judge ("ALJ"), who, after a *de novo* review of his application, concluded that he was not disabled within the meaning of the Social Security Act. *See* 42 U.S.C. §423; 20 C.F.R. §404 *et seq.* (hereafter "Regulations"). The ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner") on October 3, 2001. Plaintiff then commenced this action. The undersigned referred the matter on February 11, 2002 to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. §636(b)(1)(B) for a determination of the factual and legal issues presented by the action. The Commissioner moved for judgment on the pleadings on August 2,

---

[1] This decision may be cited in whole or in any part.

2002 and plaintiff so moved on September 13, 2002. Judge Scott, on July 6, 2004, issued a Report and Recommendation ("R&R") recommending that the matter be remanded to the Commissioner for further proceedings. The Commissioner filed objections ("Objections") on July 15, 2004. For the reasons set forth below, the Objections will be sustained, the R&R will not be adopted and the case will be dismissed.

The R&R set forth the facts in detail and only a brief reiteration is necessary here. Plaintiff was born on March 3, 1953 and has a work history consisting of unskilled jobs and periods of unemployment. Plaintiff claims that he has been disabled since March 26, 1999[2] — from which date plaintiff has not been engaged in any substantial gainful activity — due to liver disease, emphysema, hepatitis, back problems and depression. Plaintiff has been diagnosed with cirrhosis of the liver and hepatitis due to his long history of alcohol abuse. Acute liver failure occurred in June 1998, after which plaintiff stopped drinking and his condition improved. Plaintiff is able to perform household chores such as cooking, cleaning and washing and is able to attend college courses, in which he claims he is doing well. He also claims that he handles his own finances and spends lots of time reading. Still, plaintiff claims that he has poor concentration and suffers from

---

[2] Plaintiff first claimed that his disability onset date was September 1, 1995, but amended such to March 26, 1999 at the hearing before the ALJ.

fatigue. The ALJ, following the five-step analysis for evaluating disability claims, determined that plaintiff has a "severe impairment", but that his impairments and symptoms do not meet or equal the medical criteria contained in the Listings of Impairments in appendix 1 of the Regulations. *See* 20 C.F.R. §404.1520(a)(4)(iii);[3] *Rosa* v. *Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The ALJ then evaluated plaintiff's residual functional capacity to perform his past work or any other work existing in significant numbers. The ALJ found that, while plaintiff is not able to return to his prior work because the required lifting exceeded his residual functional

---

[3] 20 C.F.R. §404.1520(a)(4) states, in pertinent part:
"(4) The five-step sequential evaluation process. *** If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. *** These are the five steps we follow:
   (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. ***
   (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. ***
   (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. ***
   (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
   (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled."

capacity, he still retains the residual functional capacity to perform a limited range of light work and, therefore, is not disabled.

In making his recommendations, Judge Scott concluded that the record was incomplete because the ALJ had not sought clarification of the apparent inconsistency between the December 1999 and July 2000 treatment notes of Dr. Gregory Snyder, plaintiff's family doctor. The Commissioner's Objections assert that (1) the record was not incomplete, (2) the ALJ had no duty to seek clarification from Dr. Snyder because Dr. Snyder's later opinion was less restrictive than his first and could be considered a clarification and (3) both of Dr. Snyder's opinions support a finding that plaintiff is not disabled.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" and may adopt those parts of the R&R to which no *specific* objection is raised, so long as such are not clearly erroneous. 28 U.S.C. §636(b)(1)(c); *see also Black* v. *Walker*, 2000 WL 461106, at *1 (W.D.N.Y. 2000). Conversely, the undersigned must make a *de novo* determination with respect to those portions of the R&R to which specific objections have been made. 28 U.S.C. §636(b)(1)(c); *United States* v. *Raddatz*, 447 U.S. 667, 675-676 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at *1 (W.D.N.Y. 2000). Objections to an R&R must satisfy Rule 72.3(a)(3) of the Local Rules of Civil Procedure ("LRCvP"), which states that

> "[t]he written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

The Objections satisfy the requirements of LRCvP 72.3(a)(3) and the Court will make a *de novo* determination of the issues raised in the Objections.

It is not within this Court's province to determine *de novo* whether plaintiff is disabled. *Halloran* v. *Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). Rather, this Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence. *Ibid.* "Substantial evidence" means such relevant evidence that is sufficient to persuade a reasonable mind to support a conclusion. *Ibid* (citing *Richardson* v. *Perales*, 402 U.S. 389, 401 (1971)). For purposes of Social Security Insurance and disability insurance benefits, a person is disabled if unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). "[I]t is up to the agency, and not this court, to weigh the conflicting evidence in the record." *Clark* v. *Comm'r Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (citation omitted). The Court's role is to determine whether the ALJ's decision "was supported by substantial evidence and based on the proper legal standard". *Ibid.*

In making his determination, the ALJ evaluated the following medical evidence: (1) Dr. Snyder stated that plaintiff's liver study results had improved and were normal in November 1999 and continued to be normal in July 2000; (2) plaintiff has not been hospitalized for his liver disease, hepatitis and gastritis since his alleged onset; (3) Dr. Jan Novak, a specialist in gastric and liver problems, reported in February 1999 that plaintiff's abdominal pain could be due to the use of some medications and that plaintiff had no significant clinical abnormalities; (4) Dr. Kenneth Miller examined plaintiff in October 1999 at the Commissioner's request and reported that plaintiff only had non-specific abdominal tenderness and subsequent examinations in February, August and September 2000 reported that there was no abdominal tenderness or evidence of an enlarged liver or spleen; (5) plaintiff has not suffered any weight loss, indicating that his liver and gastric disorders are stable; (6) plaintiff demonstrated good breathing capacity in October 1999, which lowered slightly in March 2000; (7) in tests from May 1999 through November 2000, plaintiff had slight expiratory wheezing; (8) test results of plaintiff's neck and back were relatively normal, finding no significant abnormalities; (9) physical therapy examinations in March and May 1999 and Dr. Miller's report in October 1999 found that plaintiff had a mild limitation in his range of motion; and (10) plaintiff demonstrated a full range

of motion in all joints in his hands, arms and legs and demonstrated no difficulty with dexterity.

With regard to plaintiff's claim of depression, the ALJ reviewed the findings of Dr. Terri F. Julian, Ph.D., — who diagnosed plaintiff with alcohol dependence and an adjustment disorder with depressed and anxious mood — and of Dr. Robert Kamman, Ph.D. — who diagnosed plaintiff with alcohol and substance abuse in remission and cyclothymia.  Both psychologists found that plaintiff was cooperative; however, Dr. Julian thought that plaintiff's concentration was impaired though he maintained good eye contact, whereas Dr. Kamman found plaintiff to be pleasant and thinking clearly.  Dr. Snyder, in a January 2000 report, stated that plaintiff was in good spirits and his depression was under control. Finally, in May 2000, after a relapse of alcohol abuse, plaintiff was admitted to a chemical dependency center where his mental status findings supported Dr. Kamman's determination that plaintiff was cooperative, alert, oriented, coherent and in a normal mood.

The ALJ proceeded to evaluate plaintiff's subjective complaints and found that his claim of total disability was not fully credible.[4]  *See, e.g., Taylor* v. *Barnhart*, 83 Fed. Appx. 347, 349 (2d Cir. 2003) ("While subjective pain may serve

---

[4]The ALJ noted that plaintiff's continued smoking cuts against his claim of shortness of breath and his past periods of unemployment raise questions as to whether his current unemployment is a result of his medical problems.

- 7 -

as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings, the ALJ is nonetheless empowered to exercise discretion to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."). The ALJ made this finding in light of the medical evidence and facts before him — *viz.*, that (1) plaintiff did not raise his claims of neck, back and joint pains to his doctors until he filed the instant application, (2) plaintiff, previous to filing the instant application, denied or contradicted his current claims of certain pains, shortness of breath and depression, (3) plaintiff's daily activities suggest that he can perform some physical activities and are inconsistent with his allegations of poor concentration, (4) plaintiff has not sought regular treatment for several of his claims, including shortness of breath, back pain and mental health problems, and (5) the medications prescribed to and used by plaintiff indicate that his condition is under control and are not disabling in nature.  Finally, the ALJ turned to the opinions of the treating sources in support of his determination that plaintiff's residual functional capacity is for a limited range of light work.  In particular, the ALJ gave great weight to the opinions of Drs. Snyder and Miller that plaintiff can perform light work and less weight to Dr. Novak's opinion because it was inconsistent with the opinions of the other mental health professionals, Dr. Novak's own notes and the medical evidence.  The ALJ determined that plaintiff

could not perform past relevant work, but that, given plaintiff's age, education, work experience and functional limitations, plaintiff is able to perform unskilled work of which, based on the Regulations — to wit, Medical-Vocational Rule 202.20 —, there remains a significant number of jobs in the economy.

The Objections claim that the record was fully developed; as such, the ALJ did not need to seek clarification of Dr. Snyder's reports. First, plaintiff, in his motion for judgment on the pleadings, claims that the ALJ did not consider all the evidence of record. The allegedly-unconsidered evidence that plaintiff cites in his motion for judgment on the pleadings was, in fact, overtly considered by the ALJ. The ALJ had plaintiff's complete and thorough medical history before him, relieving him of any duty to further develop the record. *Perez* v. *Chater*, 77 F.3d 41, 48 (2d Cir. 1996); *De La Torres* v. *Massanari*, 2001 U.S. Dist. LEXIS 11200, at *23 (S.D.N.Y. 2001) ("[T]he record in this instance is extensive regarding plaintiff's physical condition, and there is no indication that further investigation would have been fruitful.").

The R&R found and plaintiff claims that the ALJ improperly failed to discuss Dr. Snyder's December 1999's treatment notes that plaintiff could perform sedentary work, but only considered Dr. Snyder's July 2000 treatment notes that plaintiff could perform light work. Plaintiff claims — with which the R&R agreed and the Objections oppose — that the ALJ should have sought clarification from

Dr. Snyder because of the alleged conflict or ambiguity between his notes. The ALJ, however, was under no such duty. First, the ALJ reviewed Dr. Snyder's 1999 and July 2000 evaluations and did not find a discrepancy among any of the evaluations; rather, the ALJ found that Dr. Snyder's reports provided substantial evidence that plaintiff's condition was improving. The ALJ is under no duty to mention reports — such as Dr. Snyder's December 1999 report — that are "neither conclusive nor contradictory to the ALJ's findings." *Kim* v. *Barnhart*, 2005 U.S. Dist. LEXIS 8546, at *24 (S.D.N.Y. 2005). Furthermore, the ALJ thoroughly reviewed all of Dr. Snyder's notations and the medical evidence presented at the hearing, developed the administrative record and asserted conclusions based on the substantial and corroborated evidence that plaintiff is able to perform light work. As indicated *supra*, the ALJ went through all of plaintiff's alleged symptoms, his various medical tests and results and each treating source's opinion, indicating the reasons for the amount of weight given to each opinion. The Regulations state that the opinion of the treating physician — in this case, Dr. Snyder — should be given "controlling weight" if it is well-supported by and not inconsistent with the evidence. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2). Plaintiff does not cite an opinion that is either not consistent with or supported by Dr. Snyder's opinion other than the two opinions — those of Drs. Novak and Julian — that the ALJ determined were not consistent with the medical evidence.

Dr. Novak was asked to furnish evidence in support of her conclusions and she could only cite plaintiff's subjective beliefs, which the ALJ justifiably finds incredible. Dr. Julian's opinion was inconsistent with the findings of the other psychologists and with his own observations. Only where the clinical findings are inadequate does the ALJ have a duty to seek additional information from the treating physician. *See Clark*, at 118; *Schaal* v. *Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). Here, the clinical findings were detailed and complete and the ALJ reviewed said findings thoroughly and with particularity. As such, the Court agrees with Objection's assertion that the ALJ properly relied on Dr. Snyder's opinion without seeking clarification and that the ALJ's determination that plaintiff is not disabled is not contrary to law and is supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that the Commissioner's Objections are sustained, that Judge Scott's Report and Recommendation dated February 3, 2005 (docket no. 16) is not adopted, that plaintiff's claims are dismissed and that the Clerk of the Court shall close this case.

DATED:   Buffalo, N.Y.

   March 15, 2006

                                              /s/ John T. Elfvin
                                              JOHN T. ELFVIN
                                              S.U.S.D.J.